MR. JUSTICE SHEA,
concurring:
I join in the opinion but I want to stress two factors. It was highly prejudicial for the court to permit the prosecutor to attempt to impeach witness Phillips by asking him whether he and defendant had joined together in previous fights. Whether intended or not, the undeniable effect of the question and any answer elicited was to cause the jury to disbelieve witness Phillips that Alan Pippin was the aggressor. Because of this prejudicial line of questioning the jury may well have believed that defendant was the aggressor and it therefore may not have considered his claim of self defense based on his contention that Allen Pippin was the first aggressor.
*499 Second, I stress that jury instruction no. 10 should not be given in place of instruction no. 9 in the retrial of this case. In holding the instructions to be merely repetitive, the majority opinion may leave the impression that it may be proper to use either instruction no. 9 or instruction no. 10, but not both. While the instructions are repetitive, instruction 10 unduly emphasizes the effect of using a weapon in a case of self defense where the evidence is that the other person used only his fists. Instruction no. 9 is the proper instruction to be used in the retrial of this case.